FERNÁNDEZ & CA. v. RAMÍREZ.

APELACIÓN procedente de la Corte de Distrito de

Mayagüez.

No. 24.   Resuelto en Febrero 25, 1905.

HIPOTECA.—PROCEDIMIENTO PARA SU EJECUCIÓN.—ESCRITO INICIAL.—Con el escrito inicial de un procedimiento sumario en ejecución de una hipoteca, deberá presentarse certificación del Registrador, de fecha posterior al vencimiento de la obligación, creditiva de que ésta no está cancelada, ni pendiente de cancelación y comprensiva de copia literal de todos los gravámenes á que estén afectos los bienes hipotecados, y de las trasmisiones de los mismos á favor de terceros.

ID.—NOTIFICACIÓN Á LOS INTERESADOS EN INSCRIPCIONES POSTERIORES.—Si de la certificación del Registrador, á que se refiere el párrafo anterior, constaren los domicilios de las personas que tuvieren derechos inscritos posteriormente á la obligación que se ejecuta, deberá intentarse la notificación, á dichas personas, del auto requiriendo de pago al deudor.

ID.—OBJETO DE LA NOTIFICACIÓN Á LOS INTERESADOS EN INSCRIPCIONES POSTERIORES.—La notificación del auto requiriendo de pago al deudor, á las personas interesadas en las responsabilidades inscritas después del derecho del ejecutante, tiene por objeto informarles del procedimiento á fin de que puedan concurrir á la subasta, si les conviniere.

ID.—NOTIFICACIÓN Á UNA SOCIEDAD.—SOCIO COMANDITARIO.—TERCERO.—NULIDAD DEL PROCEDIMIENTO.—Hecha la notificación del auto de requerimiento, á una persona determinada, como gestor de una sociedad mercantil, sin protesta por su parte de la representación que se le atribuyera, la circunstancia de que no fuera tal gestor no puede viciar la nulidad del procedimiento, si se justificare que era comanditario, y que, aunque después se convirtió en acreedor de la

misma sociedad, la escritura en que adquiriera este carácter, no había sido ins-
crita en el Registro Mercantil, por lo que conservó el carácter de comandita-
rio, respecto de tercero, con facultades para dirigir los negocios de la socie-
dad, y en estas condiciones, la notificación es válida y eficaz, siendo de pre-
sumir que hiciera sabedor de ella á la sociedad mercantil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Alvarez Nava.*

Abogado del apelado: *Sr. Acuña* (Eduardo).

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión
del Tribunal.

Con fecha dos de Enero de 1903, Don Pedro E. Ramírez
promovió ante la Corte de Distrito de Mayagüez, con
arreglo á las disposiciones de la Ley Hipotecaria y su
Reglamento, procedimiento sumario en cobro de un cré-
dito hipotecario ascendente á dos mil novecientos diez y
nueve dollars diez centavos que gravaba una finca de la
propiedad de Don José Y. Rivera.

Sobre la finca hipotecada pesaba un embargo por ocho-
cientos ochenta y cinco dollars treinta y un centavos á
favor de la mercantil Fernández y Compañía, anotado en
el Registro de la Propiedad con posterioridad al crédito
hipotecario de Ramírez, por lo que éste, en el escrito ini-
cial del procedimiento de referencia, solicitó expresamen-
te que á la vez que se requiriera de pago al deudor, se in-
tentara la notificación del auto de requerimiento á la ex-
presada sociedad, en la persona de D. José Antonio Fer-
nández ó de otro de los gestores de la misma, y habién-
dolo acordado así el Tribunal de Mayagüez, se notificó
en dos de Marzo del mismo año el auto de requerimiento
á Fernández con el carácter de gestor de Fernández y
Compañía sin protesta alguna por su parte.

Más tarde, y dentro del mismo procedimiento hipoteca-
rio fueron anunciadas por medio de edictos publicados
en la prensa local de Mayagüez dos subastas de la finca
hipotecada, la cual fué adjudicada en pago de su crédito
á Ramírez, habiéndose notificado esa adjudicación á la
sociedad Fernández y Compañía en la persona de D. José

A. Fernández en concepto de representante de dicha sociedad.

Terminado el procedimiento sumario, la mercantil Fernández y Ca. estableció demanda ante la Corte de Distrito de Mayagüez en 9 de Octubre de 1903 contra Don Pedro E. Ramírez, con súplica de que se declararan nulas las actuaciones practicadas en el procedimiento sumario seguido por Ramírez contra Rivera, á contar desde el día en que debió intentarse con la sociedad Fernández y Ca., en su carácter de acreedor posterior, la notificación que previene el artículo 171 del Reglamento para la ejecución de la Ley Hipotecaria, y en su consecuencia se retrotrajera dicho procedimiento sumario á la fecha expresada, por cuanto con anterioridad, ó sea desde 21 de Febrero de 1902, Don José Antonio Fernández había vendido por escritura pública todo el haber social que le correspondía como socio de la mercantil Fernández y Ca., sociedad en comandita, á los socios gestores de la misma Don Francisco Crestar y Don Damián Fernández, y por tanto no se había intentado con dicha sociedad la notificación de que se deja hecho mérito.

Don Pedro Ramírez se opuso á la demanda interpuesta y pidió se le absolviera de ella, alegando entre otras cosas, que la sociedad demandante carece de acción para reclamar la nulidad pretendida, pues un tercero no tiene personalidad para pedir la nulidad de un procedimiento en el que no ha sido parte, y además el artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria sólo concede á los terceros que se crean perjudicados el derecho de pedir el resarcimiento de daños y perjuicios, en el supuesto de que éstos existan y se justifiquen, lo que no sucede en el caso de autos, ya por haberse intentado la notificación de Fernández y Ca., ya por ser éstos acreedores simples, siendo Ramírez acreedor hipotecario; que el artículo 174 del Reglamento citado previene, en su último apartado, que cuando en las certificaciones del Registro

de la Propiedad consten personas interesadas en las responsabilidades que se hubieren inscrito después del derecho del actor, el Juez mandará, á la vez que el requerimiento de pago, que se intente la notificación del auto á dichas personas interesadas en sus domicilios, si en ellos fueren habidas, y, dada la letra de dicho precepto legal, es innegable que en el juicio sumario de que se trata se intentó la notificación del auto de requerimiento á Fernández y Ca., pues Ramírez en el escrito inicial de ese procedimiento pidió que, á la vez que el requerimiento de pago, se intentara la notificación del auto á la expresada sociedad, en la persona de Don José A. Fernández ó de cualquier otro de los gestores de la misma; que la notificación se hizo á Don José A. Fernández en la Secretaría del Tribunal de Mayagüez, para la cual Don José A. Fernández tenía el caracter de gestor de la sociedad Fernández y Ca., carácter que aceptó Fernández al firmar la notificación; que dentro y fuera de Mayagüez era conocido Don José A. Fernández en las fechas en que se le notificó el auto de requerimiento y la adjudicación á Ramírez de los bienes subastados, como miembro de la Sociedad Fernández y Comp. en la que por muchos años ha tenido el carácter de gestor, de liquidador y de comanditario, y últimamente el de acreedor, no siendo de extrañar, por tanto, que Ramírez solicitara la notificación del auto de requerimiento en los términos en que lo hizo, con tanto mayor motivo cuanto que si había alguna inexactitud en sus informes, ésta debió ser subsanada por la Secretaría, por lo mismo que designó á Don José Fernández ó á otro cualquiera de los gestores de Fernández y Comp., para la notificación aludida; y que la primera subasta de la finca adjudicada fué anunciada por tres veces en cada uno de los periódicos locales de Mayagüez "La Voz de la Patria" y "El Correo" y la segunda subasta también por tres veces en cada uno de los periódicos también locales de dicha ciudad, "La Bruja" y "La Opinión."

De las pruebas practicadas á instancias de ambas partes, aparece: 1. Que la notificación del auto de requerimiento se' hizo en la Secretaría del Tribunal de Mayagüez, con fecha 2 de Marzo de 1903, á Don José A. Fernández, con el carácter de gestor de Fernández y Ca., sin protesta alguna por su parte. 2. Que los edictos anunciando la primera subasta fueron publicados en los periódicos de Mayagüez ya mencionados. 3. Que la adjudicación de los bienes subastados se notificó también á Don José A. Fernández. 4. Que Fernández por escritura pública de 2 de Enero de 1895 constituyó, con otros, la sociedad mercantil en comandita Fernández y Ca., siendo socios comanditarios de ella Don Ramón García Barreras y Don José A. Fernández, y gestores Don Francisco Crestar y Don Damián Fernández, con expresión de que los comanditarios podrían intervenir en todo tiempo en la buena marcha de los negocios, é indicar, en caso necesario, todo aquello que tienda á la buena marcha de la sociedad, estando la administración y gerencia de ella á cargo de los expresados gestores, y quedando los socios comanditarios, García Barreras y Fernández, encargados, como ya lo estaban, de la liquidación de las extinguidas casas Barreras y Fernández y Fernández y Ca. 5. Que por otra escritura pública de 27 de Marzo de 1899, los herederos del finado Don Ramón García Barreras y Don Francisco Crestar, Don José A. Fernández y Don Damián Fernández acordaron la disolución de la sociedad Fernández y Ca., constituyéndose, por la misma escritura, otra nueva en comandita, por Don José A. Fernández, Don Francisco Crestar y Don Damián Fernández, de los cuales los dos últimos serían socios gestores, el primero socio comanditario y los tres liquidadores de la extinguida Fernández y Ca., pudiendo el socio comanditario Don José A. Fernández intervenir en la buena marcha de los negocios de la nueva sociedad é indicar en caso necesario todo aquello que tienda al progreso de la misma. 6. Que

por otra escritura pública de 21 de Febrero de 1902 Don José A. Fernández vendió á Don Francisco Crestar y á Don Damián Fernández la participación que tenía en las liquidaciones de las disueltas sociedades y en la existente de Fernández y Ca. por precio de treinta mil dollars, de los cuales confesó haber recibido dos mil dollars de manos de los compradores, quedando éstos obligados á pagarle los veinte y ocho mil dollars restantes en distintos plazos, á vencer el último en 1909. 7. Que la sociedad Fernández y Comp. constituída en 21 de febrero de 1902, por Don Francisco Crestar y Don Damián Fernández no fué inscrita en el Registro Mercantil. .8 Que en juicio verbal civil, seguido por Don Tomás Rivera contra Don José A. Fernández, hay copia de una carta dirigida por Fernández al Rivera, en 30 de Mayo de 1903, y escrita en papel con membrete que dice: "Fernández y Comp., Suau 29. — Dirección telegráfica: Fernández. — Mayagüez, P. R." 9. Que examinados Don Pablo E. Medina, Oficial de Sala de la Corte de Mayagüez, y Don José Antonio Caroli, Secretario del Juzgado Municipal de dicha Ciudad, el primero manifestó que encontrándose Fernández en Secretaría practicó en su persona la notificación del auto de requerimiento, en la creencia de que Fernández era socio gestor de la mercantil citada, en cuyo concepto firmó la notificación sin exponer nada en contrario, y el segundo, ó sea Caroli, dice que se personó en el establecimiento de Fernández y Comp., para la notificación del auto de adjudicación, y encontrando al socio Don Damián Fernández, éste no quiso suscribir dicha notificación, y manifestó á Caroli que esperase un poco hasta que llegase Don José A. Fernández, porque la carta orden decía que se hiciera la notificación á Don José A. Fernández, ó á cualquiera otro de los gestores de Fernández y Ca., y habiendo llegado poco tiempo después Fernández, aceptó la notificación como gestor de la mercantil citada, sin argüir nada en contrario. 10. Que al declarar los tes-

tigos Don Pablo Roig Torrellas, Director del periódico "La Bruja", y Don Tomás Ramírez, empleado en el periódico "La Voz de la Patria", aseguraron que Fernández y Ca. eran suscritores de los expresados periódicos.

La Corte de Distrito de Mayagüez, por sentencia de 16 de Febrero del año próximo pasado, absolvió de la demanda á Don Pedro E. Ramírez, con las costas á cargo de Fernández y Ca., y contra esa sentencia interpuso la parte demandante recurso de apelación que le fué admitido, habiendo comparecido ambas partes ante esta Corte Suprema y celebrádose la vista del recurso con la sóla asistencia del Letrado de la parte recurrida.

Expuestos los hechos que resultan del juicio, pasemos ahora á examinar la cuestión legal sobre la nulidad del procedimiento sumario seguido por Don Pedro E. Ramírez contra Don José Y. Rivera en cobro de un crédito hipotecario.

El artículo 169 del Reglamento para la ejecución de la Ley Hipotecaria prescribe que con el escrito inicial del procedimiento de apremio se ha de presentar, entre otros documentos, certificación del Registrador de la Propiedad de fecha posterior á la del vencimiento de la obligación que declare no constar cancelado el gravamen hipotecario, ni hallarse pendiente de cancelación según el Diario, cuya certificación también deberá contener copia literal de las inscripciones de cualesquiera otros censos, hipotecas y demás gravámenes á que estén afectos los bienes hipotecados, así como de las de trasmisión de dichos bienes á favor de terceros; y el artículo siguiente, en su apartado último, órdena que cuando en las certificaciones del Registrador de la Propiedad consten los domicilios de las personas interesadas en las responsabilidades que se hubiéren inscrito después del derecho del actor, el Juez mandará, á la vez que el requerimiento de pago, que se intente la notificación del auto á dichas personas interesadas en aquellos domicilios; si en ellos fueren habidas.

El objeto de la notificación del auto expresado es que las personas interesadas á que se ha hecho referencia, puedan concurrir á la subasta, si les conviniere, según así se desprende del segundo apartado del artículo 172 del mismo Reglamento.

El auto de requerimiento de pago respecto de Don José Y. Rivera fué notificado á Don José A. Fernández en concepto de gestor de la sociedad mercantil Fernández y Ca., y en tal concepto aceptó la notificación sin protesta alguna contra la representación que se le atribuía.

Es cierto que en autos se ha justificado que Don José A. Fernández no era socio gestor de A. Fernández y Ca., pero esa circunstancia en el presente juicio no puede viciar de nulidad el procedimiento de apremio seguido por Don Pedro E. Ramírez contra Don José Y. Rivera, pues Fernández, según los testimonios de escrituras públicas aportados á los autos, fué primero socio comanditario y luego acreedor de Fernández y Ca., y como socio comanditario, cuyo carácter tiene respecto de tercero por no haber sido inscrita en el Registro Mercantil la escritura de 21 de Febrero de 1902, que le convirtió en acreedor, estaba facultado para intervenir en la buena marcha de los negocios é indicar en caso necesario todo aquello que tendiera á la buena marcha de la sociedad, debiendo por tanto presumirse que Fernández hizo sabedor á Fernández y Ca. de la notificación que se le había hecho; y esa presunción se robustece más, si se considera que las relaciones de Fernández con Fernández y Ca., eran muy estrechas, como lo demuestra el hecho de usar, para escribir cartas, papel con el membrete de dicha casa, y si se tiene en cuenta la circunstancia de encontrarse en ella cuando se le notificó el auto de adjudicación de los bienes subastados, como gestor de Fernández y Ca., á cuya notificación prestó su conformidad Don Damián Fernández, socio gestor de la repetida sociedad, según se desprende de la declaración de Don José Antonio Caroli.

Aún más, la subasta se anunció en periódicos de que eran suscritores Fernández y Ca., y esa consideración, en relación con las anteriores expuestas, lleva al Juzgador al convencimiento legal de que Fernández y Ca. tenían conocimiento del auto de requerimiento de pago y de la subasta de los bienes hipotecados á favor de Ramírez, y que si no concurrieron á la subasta fué porque no quisieron, ó no convino á sus intereses, y nunca porque ignoraran la existencia del procedimiento de apremio seguido contra bienes hipotecados á favor de Ramírez, y embargados, posteriormente, para pago de un crédito personal contraído á favor de la referida sociedad.

Por las razones expuestas es de confirmarse la sentencia que dictó la Corte de Distrito de Mayagüez en 16 de febrero del año próximo pasado, por la que absolvió de la demanda á Don Pedro E. Ramírez, con las costas á Fernández y Ca., quienes deben ser condenados, también, en las del presente recurso.

*Confirmada.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados Figueras, MacLeary y Wolf.