Menéndez, Demandante y Apelante, *v.* Cobb et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre nulidad y devolución de propiedad.

No. 2110.—Resuelto en julio 22, 1920.

Reivindicación — Nulidad que no Resulta Claramente del Registro — Tercero.—No constando de la inscripción de la finca de cuya reivindicación se trata que al adquirirla el causante del demandante estuviera casado, el hecho de que la inscripción de una hipoteca constituída al año siguiente de la adquisición aparezca que dicho causante era casado, no es un aviso suficiente a los terceros de que lo hubiera estado al tiempo de la adquisición. El actual poseedor y su antecesor compraron la finca de persona que según el registro tenía capacidad y si por no haber sido también demandada la sucesión de la esposa del primer adquirente es nula la compra que de la finca hiciera en subasta pública la persona de quien trae su derecho el actual poseedor, no resultando tal nulidad claramente del registro no puede afectar al actual poseedor, que es un tercero.

Id.—Id.—Artículo 34 de la Ley Hipotecaria.—Por el solo hecho de que la inscripción de una venta judicial no exprese que el demandado dueño de la finca fué citado en debida forma, no puede sostenerse que el tercero supo que no fué citado, pues pudo haberlo sido aunque no lo expresara la inscripción. El artículo 34 de la Ley Hipotecaria exige de modo categórico que las causas de nulidad resulten claramente del registro y, por tanto, los hechos de los cuales resulten deben aparecer del registro afirmativa y claramente.

Id.—Id.—Estado Civil de los Otorgantes—Defecto Subsanable.—El estado civil del que trasmite o del que adquiere no figura entre los requisitos que según el artículo 9 de la Ley Hipotecaria debe contener toda inscripción para que por su falta sea considerada nula de acuerdo con el artículo 30 de la misma ley y la omisión de tal circunstancia en el documento no impide la inscripción pues constituye solamente un defecto subsanable.

Id.—Id.—El hecho de que la finca vendida en subasta pública no hubiera sido

previamente embargada, no es una causa de nulidad de la venta. La anotación de los embargos en el registro no es una obligación legal sino un derecho que pueden ejercitar o no los acreedores.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. F. Vázquez* y *N. Silva Mercado.*

Abogados de los apelados: *Sres. L. Muñoz Morales* y *M. A. Muñoz.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Rafael Inocencio Menéndez Ramos promovió este pleito sobre nulidad y devolución de la posesión de bienes por si y como cesionario de los derechos hereditarios de su hermana Juana María del Carmen Mercedes Ramos, únicos hijos de Carmen Ramos y Ramos, única heredera de Laureana Ramos, esposa que fué de Francisco Regis Ramos Acosta, alegando que durante el matrimonio de·su abuela Laureana Ramos con Francisco Regis Ramos Acosta adquirió éste para la sociedad conyugal cierta finca, que describe, que después de muerta su abuela fué rematada y adjudicada a Rafael Ramos en pleito que éste siguió contra aquel en el que no fué citada la heredera de su abuela y que la finca fué vendida por Ramos a los demandados John B. Cobb y su esposa. También alegó defectos en el procedimiento judicial que entiende lo anulan.

La sentencia de la corte inferior declaró sin lugar la demanda·y contra ella interpuso Menéndez recurso de apelación.

Como los demandados Cobb alegaron entre otras cosas su condición de terceros, empezaremos examinando los asientos del registro de la propiedad.

La primera inscripción de esa finca fué hecha en el·Registro de la Propiedad de Caguas el·22 de diciembre de 1883 a favor de Francisco Regis Ramos Acosta en virtud de un expediente posesorio que había tramitado y fué aprobado en octubre del mismo año según el cual adquirió la finca parte por herencia y otra parte por compra. En esa inscripción

no consta el estado civil de la persona a cuyo favor se hizo sino solamente que era vecino y propietario de Caguas.

La inscripción segunda de fecha 30 de abril de 1884 fué hecha a favor de Agustín Puigmoler en virtud de una hipoteca que le constituyó Francisco Regis Ramos Acosta por escritura pública de 8 del mismo mes y año de la que aparece ser casado.

La anotación letra "A" se hizo en 1891 por un embargo en proceso contra Regis Ramos por calumnia para responder de 3,000 pesetas, importe de la fianza que se le mandó prestar.

La inscripción tercera está redactada en estos términos:

"Inscripción 3.—Folio 233 vuelto.—Tomo 4.—Rústica cuya descripción consta de la inscripción primera y anotación letra A precedentes a la que me remito por ser conforme con la que se hace en el documento ahora presentado. Esta finca se halla afecta a una hipoteca a favor de don Agustín Puigmoler por la suma de mil pesos según consta de la inscripción siguiente precedente, y a un embargo por la suma de tres mil pesetas importe de la fianza que se mandó prestar al procesado don Francisco Regis Ramos, en el sumario que le siguió por calumnia según consta de la anotación letra A que precede. Don Francisco Regis Ramos adquirió esta finca por compra a don Calixto Ramos, Pedro Juan Almedina, Isaac Quiñones y María Antonia Ramos, según consta de la· inscripción primera citada. Habiéndose acordado el embargo de esta finca en cierto pleito promovido por don Rafael Regis Ramos, digo Rafael Ramos Acosta como demandante contra don Rafael Regis Ramos demandado en cobro de la suma de tres mil dollars con intereses a razón del uno por ciento mensual desde el diez y ocho de enero de mil ochocientos noventa y ocho hasta que sea satisfecha dicha suma conjuntamente con las costas, de cuyo embargo no se ha tomado razón en este registro; en cumplimiento de sentencia de fecha catorce de marzo último dictada por la corte de distrito judicial de Humacao contra de Francisco Regis Ramos se dictó orden de ejecución con fecha diez y nueve de abril último por el Hon. Charles E. Foote, juez de dicha corte, por virtud de cuya orden el marshal de la expresada corte don Augusto Ortiz y Lebrón anunció por medio de los oportunos edictos la venta en pública subasta de esta finca, y a falta de licitadores se la adjudicó al postor don Rafael Ramos Acosta, con fecha veinte y uno de mayo último por la suma

de seis mil ocho dólares, la cual no se consignó en dinero porque es para abonar en cuenta de la deuda principal, intereses y costas. En virtud de la citada orden don Augusto Ortiz y Lebrón, de veinte y ocho años de edad, casado y vecino de la ciudad de Humacao, en su carácter de marshal de la corte referida, en nombre y representación de don Francisco Regis Ramos, vende esta finca a don Rafael Ramos Acosta, de sesenta y ocho años de edad, propietario, casado con doña Julia Santana Jiménez y vecino de esta ciudad, mediante el precio de seis mil ocho dólares. Don Rafael Ramos Acosta inscribe a su favor esta finca que adquiere por título de compraventa sin condiciones especiales. Todo lo referido consta de la escritura otorgada en la ciudad de Humacao el 21 de mayo último ante el notario de la misma don Antonio de Aldrey y Montolio, cuya primera copia ha sido presentada en ese registro a las ocho de la mañana del día cinco de los corrientes según el asiento ciento cincuenta y ocho, folio cincuenta y cinco del tomo diez del diario. Confrontado este asiento resulta que en la línea veinte después de las palabras demandante contra se dice Rafael en vez de Francisco. Y siendo conforme todo lo dicho con el documento citado, firmo la presente en Caguas a ocho de junio de mil novecientos seis.—(Firmado) S. Abella Bastón.''

La inscripción cuarta es a favor de J. B. Cobb por la compra que de la finca hizo a Rafael Ramos Acosta por precio de 5,962 dólares con cincuenta centavos, de los que retuvo 600 dólares de la fianza a que estaba afecta la finca. Al margen de esta inscripción se halla una nota del año 1907, según la cual el importe de la fianza expresada fué pagado a Ricardo Menéndez Monsegur y a Rafael Arce Rollet, cuatrocientos dólares al primero y doscientos al segundo, por haberse así convenido en la escritura de compraventa entre Ramos y Cobb.

Según hemos visto por los asientos del registro, en la inscripción primera a favor de Francisco Regis Ramos no consta que fuera casado cuando tramitó el expediente posesorio por lo que de dicha inscripción no resulta que la finca tuviera el concepto legal de bien ganancial. Es cierto que cuando se hizo la inscripción de la hipoteca a favor de Puigmoler en

abril de 1884 aparece Regis Ramos siendo casado, pero esto no demuestra a los terceros que también estaba casado cuando en 1883 tramitó el expediente posesorio y que adquiriera la finca siendo casado, pues pudo contraer matrimonio después de octubre de 1883 sin que por esto los bienes que tuviera inscritos anteriormente a su favor se convirtieran en gananciales, por lo que no podemos declarar que cuando compraron Rafael Ramos y luego Cobb resultaba claramente del registro que la finca fué adquirida por Francisco Regis Ramos Acosta siendo casado y que por tanto era un bien de la sociedad de gananciales. Ramos y Cobb compraron de persona que según el registro tenía capacidad para vender y si por no haber sido demandada la sucesión de la esposa de Regis Ramos es nula la compra que hizo Ramos Acosta en la subasta judicial, no resultando esa nulidad claramente del registro no puede afectar al actual poseedor Cobb de acuerdo con el artículo 34 de la Ley Hipotecaria, el caso de *Romeu* v. *Todd*, 206 U. S. 358, y nuestra jurisprudencia en los casos de *Sánchez* v. *Hartzell*, 26 D. P. R. 684; *El Pueblo* v. *Riera*, 27 D. P. R. 1, y *Ayllón y Ojeda* v. *González*, de feb. 17, 1920, (pág. 67), según la cual los terceros solo tienen que examinar el registro de la propiedad y solo son perjudicados por los vicios de nulidad que resulten claramente del mismo registro.

Hemos transcrito antes literalmente la inscripción tercera referente a la compra hecha por Ramos en la subasta porque el apelante expone en su alegato que en ella constan claramente los vicios de nulidad que anulan esa compra y que por esa razón, siendo esa inscripción la que servía de norma y guía a los esposos Cobb para su compra, no pueden alegar ni puede declararse que son terceros y que adquirieron de buena fé y con justo título. En apoyo de lo expuesto sostiene el apelante que de dicha transcripción resulta claramente que la Corte de Distrito de Humacao no adquirió jurisdicción sobre la persona de Francisco Regis Ramos en el pleito que produjo la venta de la finca porque no se hizo

constar en ella que fué debidamente citado y emplazado en forma legal y cita los casos de *Machuca e Hijos* v. *El Registrador de Guayama,* 16 D. P. R. 438; *Orcasitas* v. *El Registrador de Caguas,* 21 D. P. R. 553, y el de *Crehore* v. *El Registrador de Guayama,* 22 D. P. R. 640, en los que los registradores mencionados se negaron a inscribir ventas judiciales o las inscribieron con defectos subsanables por no justificárseles que la corte había adquirido jurisdicción sobre los respectivos demandados dueños de las fincas vendidas. Como se vé, estos casos no guardan relación con el punto a decidir que es el de si del registro resulta claramente que la corte que decretó la venta no tuvo jurisdicción sobre la persona del demandado pues todos ellos se refieren a casos en que los registradores han entendido que no se les justificaba la jurisdicción de la corte. El presente caso es distinto pues el registrador hizo la inscripción de la venta y como de ella no aparece hecho alguno que demuestre la falta de jurisdicción de la corte no es posible que declaremos que Cobb sabía tal cosa por el registro. Por el solo hecho de que en la inscripción no se diga que el demandado fué citado en debida forma no puede sostenerse que el tercero supo que no fué citado pues pudo haberlo sido aunque no lo diga la inscripción. El artículo 34 de la Ley Hipotecaria exige de modo categórico que las causas de nulidad resulten claramente del mismo registro y por tanto los hechos de los cuales resulten deben aparecer en él afirmativa y claramente.

Sostiene también el apelante que del registro resulta claramente otra causa de nulidad porque apareciendo de la inscripción segunda sobre hipoteca que Francisco Regis Ramos. es casado y omitiéndose en la inscripción tercera su estado civil el registrador no pudo calificar su capacidad para vender y debió denegar la inscripción de acuerdo con el caso de *Rivera* v. *El Registrador,* 17 D. P. R. 323. No se trata ahora de si el registrador debió denegar la inscripción de la venta a Ramos pues habiendo sido hecha la inscripción la

única cuestión es si del registro constaba claramente para
Cobb que Francisco Regis Ramos no podía venderla sin con-
sentimiento de su esposa por ser casado cuando la adquirió
y tener el carácter de bien ganancial.

Como de la inscripción primera del registro no consta
que Francisco Regis Ramos fuera casado cuando adquirió
la finca ni por tanto que ésta tuviera el carácter de bien
ganancial no creemos que porque en otra inscripción poste-
rior aparezca ser casado cuando otorga el documento que se
inscribe haya de saber el tercero que también estaba casado
cuando tramitó el posesorio que originó la inscripción pri-
mera y que la finca ha tomado el concepto de bien ganancial.
Lo que aparece del registro para los terceros es que no cons-
taba en él el matrimonio y por tanto que pudo vender la
finca sin necesidad del consentimiento de la esposa mencio-
nada después en la inscripción segunda.   Además, el estado
civil del que trasmite o del que adquiere no figura entre los
requisitos que según el artículo 9 de la Ley Hipotecaria debe
contener toda inscripción para que por su falta sea consi-
derada nula de acuerdo con el artículo 30 de la misma ley
y la omisión de tal circunstancia en el documento no impide
la inscripción pues constituye solamente un defecto subsa-
nable, según hemos resuelto en los casos de *Cabrera* v. *El
Registrador*, 11 D. P. R. 273, y *De la Cruz* v. *El Registrador
de Ponce*, 24 D. P. R. 681.

El otro vicio de nulidad que el apelante alega que Cobb
conocía por el registro es el de que la finca no fué embargada
antes de ser rematada, requisito que estima indispensable
para que pueda realizarse la venta en subasta.

El artículo 5°. de la ley de 9 de marzo de 1905 relativa
a las sentencia y manera de satisfacerlas que el apelante cita
como único fundamento de su afirmación no sostiene su ale-
gación pues no impone el deber de embargar los bienes como
condición para que puedan ser vendidos en cumplimiento de

sentencias sino que se limita a declarar la manera como deben hacerse los embargos. La anotación de los embargos en el registro de la propiedad no es una obligación legal sino un derecho concedido por la ley a los acreedores como protección contra terceros.

Además de esos motivos sostiene el apelante que Cobb no tiene la condición de tercero porque conocía otros hechos que no constan en el registro pues al contestar la demanda aceptó la alegación tercera de ésta en que se dice que Francisco Regis Ramos estaba casado desde antes de 1873 y la cuarta en la que se expone que estando casado promovió el expediente posesorio a título de dueño de la finca que describe, sin que se exprese en esa alegación el título de adquisición.

La aceptación por Cobb de la certeza de esos hechos lo único que demuestra es que él sabe cuando contesta la demanda que Francisco Regis Ramos estaba casado en la fecha expresada pero no que él sabía ese hecho cuando adquirió la finca, ni tampoco que sabía entonces ni ahora que era un bien ganancial, toda vez que no diciéndose en la alegación el título de adquisición, podía pertenecer a sus bienes privativos a pesar de tramitar el expediente siendo casado.

Por lo expuesto y toda vez que la demanda tiene por objeto la devolución de la finca por causas de nulidad que no constando del registro no perjudican al actual poseedor Cobb, es innecesario que consideremos si tales nulidades existen y debemos confirmar la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.