ALBERT FREDERICK THYBOE Y ANA OLGA THYBOE, demandantes y apelantes, *v.* SAN JUAN FRUIT COMPANY Y FREDERICK R. CLARK, demandados y apelados.

No. 4018.—*Visto:* Junio 3, 1927. *Resuelto:* Junio 8, 1927.

1. HIPOTECAS—EJECUCIÓN DE HIPOTECAS—SENTENCIA O AUTO Y EJECUCIÓN—EJECUCIÓN DE LA SENTENCIA—EMBARGO PREVIO DE LOS BIENES.—En los sumarios ejecutivos hipotecarios no existe absoluta necesidad de un previo embargo de los bienes antes de ejecución. (*Trueba* v. *Martínez,* 33: 461, y *Menéndez* v. *Cobb,* 28: 775, confirmados.)

2. HIPOTECAS—EJECUCIÓN DE HIPOTECAS—VENTA—ANUNCIO DE LA SUBASTA—POR EDICTOS—TÉRMINO DE PUBLICACIÓN ESTATUTORIO—PUBLICACIÓN POR UN TÉRMINO MENOR QUE EL ESTATUTORIO.—En los sumarios ejecutivos hipotecarios, cuando entre la primera publicación del aviso de subasta y la venta media el plazo estatutorio, la ley queda cumplida no obstante no haber dicho plazo transcurrido entre la primera y última publicación. (*Banco Territorial y Agrícola,* 23: 728, confirmado.)

3. HIPOTECAS—EJECUCIÓN DE HIPOTECAS — ACCIÓN PARA ANULAR LA SUBASTA O VENTA—ANUNCIO DE LA SUBASTA—PUBLICACIÓN POR TÉRMINO MENOR QUE EL ESTATUTORIO.—Para obtener la declaración de nulidad de una venta en ejecución de hipoteca por haberse publicado los edictos por menos tiempo que el estatutorio, es necesario que entre la fecha de la primera publicación y la de la subasta no haya transcurrido dicho término. (*Mena* v. *Saurí,* 22: 836, distinguido.)

SENTENCIA de *Miguel A. Muñoz,* J. (San Juan), declarando sin lugar demanda, con costas. *Confirmada.*

*R. Cuevas Zequeira y Enrique Rincón,* abogados de los apelantes; *E. B. Wilcox, O. B. Frazer y R. Castro Fernández,* abogados de los apelados.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Albert Frederick Thyboe y su esposa entablaron demanda contra la San Juan Fruit Company y Frederick R. Clark alegando que eran dueños de dos fincas rústicas que describen; que en 1917 constituyeron hipoteca sobre dichas fincas a favor de The L. G. Weidner Monumento Company para garantizar la suma de $3,700; que The L. G. Weidner Monumento Company cedió su crédito a la demandada San Juan Fruit Company que inició el 30 de junio de 1922 un procedimiento ejecutivo hipotecario para el cobro del mismo obteniendo finalmente, el 1 de diciembre de 1922, que se le adjudicaran las fincas en pago de la deuda; que la San Juan Fruit Company vendió, luego de inscrita la adjudicación en el registro, al otro demandado Clark, las repetidas fincas, y que tanto la adjudicación a la San Juan Fruit Company como la venta de ésta a Clark son nulas porque:

"(a)—El único medio empleado para anunciar la subasta al llevarse a cabo la venta judicial de dichos bienes fué el de publicación por edictos en el periódico "El Imparcial" de San Juan, P. R. publicándose solamente durante los días 10, 17, y 29 de noviembre del 1922, o sea durante la 1ª 2ª 3ª y 5ª semana de dicho mes siendo un miércoles el 29 de noviembre de 1922 todo lo cual constaba o debía constar del título de adjudicación que la escritura No. 87 de 19 de diciembre del 1922, ante el notario José Hernández Usera del que tuvo o debió tener conocimiento el demandado Clark al adquirir la finca, y

"(b)—A pesar de que en el mandamiento de ejecución librado al Márshal de esta Corte se le ordenaba proceder de acuerdo con la ley aprobada en 9 de marzo de 1905 relativa a sentencia y manera de satisfacerla, éste no embargó previamente las propiedades sujetas a ejecución ni yendo a la finca personalmente ni trabando tal embargo con la debida notificación ni librando en su defecto mandamiento al Registrador de la Propiedad del Distrito para la anotación del embargo, y la falta de tal mandatoria actuación judicial constaba claramente como un defecto en el Registro de la Propiedad de este Distrito donde están inscritas las fincas."

La demandada San Juan Fruit Company compareció por

su abogado y el demandado Clark por el suyo y ambos excepcionaron la demanda por no alegar hechos suficientes para determinar una causa de acción.   Las excepciones fueron discutidas y declaradas con lugar y a petición de los mismos demandantes la Corte dictó sentencia desestimando la demanda.   Los demandantes entonces interpusieron el presente recurso de apelación, señalando en su alegato la comisión de tres errores.

[1] Sostienen los apelantes en primer término que la corte erró al no declarar nulas la adjudicación y subsiguiente venta por no haberse embargado las fincas ejecutadas previamente.

Aceptando que sea cierto que el marshal "no embargó previamente las propiedades sujetas a ejecución ni yendo a la finca personalmente y trabando tal embargo con la debida notificación, ni librando en su defecto mandamiento al registrador de la propiedad del distrito para la anotación del embargo", ¿debe concluirse que la venta de las fincas en cuestión es nula?   Veámoslo.

En el caso de *Menéndez* v. *Cobb,* 28 D.P.R. 775, 781, esta corte, por medio de su juez asociado, Sr. Aldrey, dijo:

"El otro vicio de nulidad que el apelante alega que Cobb conocía por el registro es el de que la finca no fué embargada antes de ser rematada, requisito que estima indispensable para que pueda realizarse la venta en subasta.

"El artículo 5º de la ley de 9 de marzo de 1905 relativa a las sentencias y manera de satisfacerlas que el apelante cita como único fundamento de su afirmación no sostiene su alegación pues no impone el deber de embargar los bienes como condición para que puedan ser vendidos en cumplimiento de sentencias sino que se limita a declarar la manera como deben hacerse los embargos. · La anotación de los embargos en el registro de la propiedad no es una obligación legal sino un derecho concedido por la ley a los acreedores como protección contra terceros."

Los apelantes insisten en que los hechos de este caso son distintos a los del caso de *Menéndez* v. *Cobb, supra,* invocando además la sección 1 de la ley de 9 de marzo de 1905

relativa a las sentencias y manera de satisfacerlas. Los hechos no son en verdad iguales, especialmente en cuanto a la demandada San Juan Fruit Company, pero la jurisprudencia establecida es perfectamente aplicable. El lenguaje de la corte fué claro. No existe la absoluta necesidad de un previo embargo en un caso como éste. Por virtud de la hipoteca la propiedad estaba ya sujeta especialmente al pago de la deuda, estaba de hecho embargada, y el acreedor no tenía que trabar embargo alguno para obtener la preferencia de su crédito sobre otros que pudieran existir. Además, requerido el deudor en los comienzos del procedimiento de acuerdo con lo prescrito en la Ley Hipotecaria, quedó notificado y por consiguiente avisado de la venta de su propiedad si no solventaba de otro modo su obligación de pagar.

Parece conveniente citar el caso de *Trueba* v. *Martínez,* 33 D.P.R. 461, 472, en el que la corte, por medio de su juez asociado Sr. Franco Soto, se expresó así:

"El carácter mismo de la acción real que fué objeto del juicio declarativo para la ejecución de la hipoteca hace desaparecer la importancia que podía tener la cuestión levantada por los apelantes de que era necesario el embargo de la finca hipotecada para que la corte inferior adquiriera jurisdicción sobre los demandados en aquella acción."

[2] Por el segundo de los errores señalados, se sostiene que la corte debió haber decretado las nulidades solicitadas por no haberse seguido el procedimiento marcado por el estatuto para la publicación de los edictos, esto es, porque entre la publicación del primer edicto y la del último no medió el tiempo marcado por la ley.

La ley aplicable, que es el artículo 251 del Código de Enjuiciamiento Civil, dispone que se anunciará la venta por medio de la fijación por espacio de veinte días del aviso en tres sitios públicos, "o se publicará copia de dicho aviso, una vez por semana, durante el mismo período, en algún periódico del distrito, si lo hubiere".

Aquí el aviso se publicó en un periódico del distrito durante los días 10, 17 y 29 de noviembre de 1922, verificándose la venta el 1 de diciembre siguiente.

A nuestro juicio se cumplió así esencialmente con la ley tal como fué interpretada por este Tribunal en el caso de *Arvelo* v. *Banco Territorial y Agrícola,* 25 D.P.R. 728, 740, en el que se sostuvo que el aviso era nulo cuando no mediaba el tiempo fijado por la ley *entre la primera publicación del edicto y la subasta,* no entre la primera y la última publicación.

Lo importante es, pues, que entre la primera publicación y la venta medie el plazo de veinte días y en este caso desde el 10 de noviembre en que se publicó el primer edicto hasta el 1 de diciembre en que se celebró la venta en pública subasta transcurrió con exceso dicho plazo. Este criterio está sostenido por decisiones americanas. Bastará citar las de *Wilson* v. *Northwestern Mutual Life Insurance Company,* 65 Fed. 38 y *Leffler* v. *Armstrong,* 68 Am. Dec. 672. El resumen de esta última dice:

"El anuncio de la venta de una finca sujeta a una hipoteca o a una escritura en favor de un fideicomisario, con autorización para vender 'previo aviso de la hora, lugar, etc., de la venta mediante su anuncio en algún periódico impreso en Burlington,' es suficiente si sólo existe un semanario en Burlington y el aviso se publica en tal periódico una vez por semana durante cinco semanas consecutivas, transcurriendo treinta días entre la primera publicación y la fecha de la venta, aunque entre la primera y la última publicaciones transcurran menos de treinta días."

[3] Con lo dicho podría prescindirse de la consideración del último de los errores señalados, que se refiere a la aplicación de la jurisprudencia establecida en el caso de *Henna* v. *Saurí,* 22 D.P.R. 836.

En dicho caso esta corte, por medio de su juez asociado Sr. Aldrey, dijo:

"El defecto de publicar los edictos por menos tiempo del requerido por la ley no anula necesariamente la subasta toda vez que

puede ser renunciado por el deudor, y para que un acreedor poste-
rior pueda obtener la declaración de nulidad por ese motivo, cree-
mos que es un principio general de derecho que debe demostrar que
ha sido seriamente perjudicado.  Este principio resulta así en la
obra 27 Cyc., 1710.''

Este caso que resolvemos es distinto del de *Henna* v.
*Saurí, supra.*  En el caso de Henna no transcurrió todo el
tiempo fijado por la ley entre la publicación del primer
edicto y la subasta.  Aquí `transcurrió.  No era necesario,
pues, acudir a la jurisprudencia establecida para desesti-
mar la demanda.  La corte de distrito sólo lo hizo para
robustecer su conclusión en el caso de que se concluyera
que se había cometido alguna irregularidad.

*Debe confirmarse la sentencia recurrida.*