ANGEL ARROYO RIVERA, promovente, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, y RAFAEL SANTIAGO, litigante, demandados.

No. 42.—*Visto:* Febrero 13, 1928. *Resuelto:* Abril 18, 1928.

*Angel Arroyo Rivera,* abogado del promovente; *José Gómez Aguayo,* abogado del demandado Santiago.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El Banco de San Juan vendió una finca a Rafael Santiago por $1,232. Rafael Santiago pagó $100 de contado y constituyó hipoteca por $1,132, saldo del precio de la compra. El crédito hipotecario establecido fué cedido o traspasado a Angel Arroyo Rivera el 27 de diciembre de 1926. Angel Arroyo Rivera es el peticionario en este caso.

El crédito hipotecario no fué pagado a su vencimiento, y se entabló un procedimiento sumario de ejecución de hipoteca para cobrarlo. La finca le fué adjudicada al peticionario, quien se disponía a tomar posesión de ella dentro de los treinta días de la fecha de la subasta, de acuerdo con la ley, cuando Rafael Santiago presentó un pleito en la Corte de Distrito de San Juan reclamando el derecho del hogar seguro. La Corte de Distrito de San Juan, de conformidad con la ley para asegurar la efectividad de las sentencias, prohibió al peticionario que desalojara a Rafael Santiago de la finca adjudicada a dicho peticionario.

La solicitud en este caso es para que se expida un auto inhibitorio, en unión de otro de *certiorari.* La corte expidió el auto inhibitorio, y se negó de momento a expedir el de *certiorari.* Con pocas excepciones, todos los hechos esenciales a considerar por este tribunal han sido substancialmente admitidos.

Tenemos la idea de que en una demanda en que se reclama el derecho del hogar seguro, deben alegarse claramente los hechos esenciales de acuerdo con el estatuto, o sea, que la

persona que reclama tal derecho es cabeza de familia y que ocupa la finca como su residencia. En la demanda en este caso no se alega la fecha en que comenzó tal derecho de hogar seguro. La petición, que no ha sido propiamente controvertida a este respecto, alega que el supuesto reclamante del derecho del hogar seguro se trasladó a la finca después que surgió el derecho hipotecario del peticionario. De suerte que el deudor dejó de demostrar claramente que tenía derecho al hogar seguro al tiempo de otorgarse la hipoteca. Si esta cuestión se hallara sola, sería propiamente revisable en apelación, en vista de que la demanda podría ser enmendada.

El verdadero fundamento para anular las actuaciones de la Corte de Distrito de San Juan es que actuó sin jurisdicción, toda vez que la cantidad envuelta en el derecho de hogar seguro no puede exceder de $500. El juez de distrito dice en su contestación que puede considerar la demanda, en vista de la jurisdicción general de las cortes de distrito; que la Legislatura demostró su intención disponiendo que en caso de divorcio la corte podrá disponer del hogar seguro según la equidad del caso, y que algunos de los recursos de *injunction*, conocidos anteriormente con el nombre de interdictos, nos presentan un caso análogo.

En los casos de *injunction*, generalmente no hay cuantía envuelta, dependiendo frecuentemente los casos de equidad de lo inadecuado de la indemnización o de otras razones que el peticionario ha discutido. En lo que concierne a casos de divorcio, es evidente que la Legislatura ha concedido autoridad a las cortes de distrito para que en un decreto de divorcio determinen a quién debe concederse el derecho al hogar seguro, pero no se demuestra ninguna otra intención. En términos generales, un pleito que envuelve una suma de $500 o menos debe ser entablado en una corte municipal.

Al revisar los hechos de este caso hallamos que se alegó y admitió que la hipoteca otorgada por Rafael Santiago fué por el saldo de la venta, y el artículo 1º. de la Ley del

Hogar Seguro, sección 1,000 de los Estatutos Revisados, excluye del derecho de hogar seguro "el valor de la compra" (*purchase price*) de la propiedad. Por tanto, parecería que no surgió ningún derecho de hogar seguro en este caso. Tratamos esta cuestión con alguna reserva, en vista de que las partes no la han discutido.

 Tanto el juez de la corte de distrito como Rafael Santiago han sostenido que los derechos del peticionario son revisables debidamente por medio de apelación. La ley sobre autos inhibitorios, de marzo 10, 1904, dice que no podrá expedirse un auto inhibitorio para impedir cualquier resolución de tribunales inferiores que fuere revisable propiamente por medio de apelación. En general, nos hemos sorprendido de la amplia negación contenida en el estatuto. En ciertos casos, interpretando las palabras literalmente tal vez se destruiría la clara intención de la Legislatura. Creemos que las palabras "que fuere revisable propiamente por medio de apelación" deben tener un significado similar, aunque posiblemente no tan fuerte, como las palabras "que fuere revisable adecuadamente por medio de apelación," usadas tan frecuentemente al considerar casos de *certiorari*. Sin embargo, convenimos con el peticionario en que cuando está envuelta una cuestión clara de jurisdicción, si la corte de distrito no tiene jurisdicción, esta corte tampoco la tiene por medio de apelación, y, por consiguiente, la cuestión envuelta no es propiamente revisable por medio de apelación. Además, la petición en este caso no solamente lo era para que se expidiera un auto inhibitorio, sino también, de ser necesario, uno de *certiorari,* y como todos los hechos están ante nuestra consideración, no vacilaríamos en considerar esta solicitud como una petición de *certiorari*.

 También se ha sostenido que el peticionario debió haberse dirigido primeramente a la Corte de Distrito de San Juan para que corrigiera sus propios procedimientos. Esta indudablemente hubiese sido la mejor práctica, pero cuando

la cuestión de jurisdicción es tan fundamental como en este caso, no nos sentimos justificados en negar la expedición del auto por ese motivo.

: Las partes han levantado otras cuestiones con respecto a la Ley Hipotecaria, la posibilidad de interrumpir los procedimientos hipotecarios, los derechos de las distintas partes de acuerdo con la Ley para asegurar la efectividad de las sentencias, y la preferencia o prelación que debe darse a las distintas actuaciones, conjuntamente con otras cuestiones, pero hallamos que las anteriores consideraciones son fundamentales, y, por tanto, no consideraremos las otras interesantes cuestiones envueltas.

*Debe expedirse el auto inhibitorio y anularse los procedimientos contra el peticionario en este caso.*