Denny v. Ashley.

1. DEED — ACKNOWLEDGMENT — NAME OF NOTARY — EVIDENCE.— Where a foreign notary, in the acknowledgment of a deed, does not sign his Christian name, but merely his initials, and in the copy of his notarial commission, and in the certificate attached thereto, his Christian name is given, the discrepancy is not sufficient to warrant the rejection of the deed as evidence of title.
2. WRITS — SERVICE ON NON-RESIDENTS.— Code 1883, sections 44, 45, authorizing service on non-residents by publication of summons, and making a personal service of summons on a non-resident out of the state equivalent to service by publication, do not authorize the rendering of a personal judgment on such service.

*Appeal from County Court of Chaffee County.*

Mr. A. W. SINDLINGER, for appellant.

Mr. JOHN K. VANNATTA, for appellee.

STALLCUP, C. This was an action by the appellee, Fannie W. Ashley, who was plaintiff below, to cancel an adverse claim asserted by the appellant, John Denny, against certain real estate of appellee's. Decree was given for appellee, canceling the claim, and removing the cloud from the title. The appellant's claim to the real estate was by virtue of an execution sale thereof, and deed of the sheriff to him thereunder. The judgment upon which the execution issued was on a money demand for the sum of $155, and had been recovered against the grantor of appellee in said county court upon default of answer or appearance, upon a personal service of summons made on the defendant therein in the state of Missouri; and the said judgment was so given and entered against the grantor of said appellee after the conveyance of said real estate to the appellee.

It is argued that the decree should be reversed, for the reason that the appellee failed to show title and possession of the premises at the commencement of the action, and that appellant's claim to said premises was sustained by said sheriff's deed of conveyance to him. Section 257 of the code provides that "an action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim." It sufficiently appears from the evidence that appellee was in possession by tenant at the commencement of the action.

The said deed of conveyance of said premises to the appellee was executed in the state of Missouri, and was acknowledged by a notary public there, whose name appears, by his signature thereto, as "W. F. Bill," and his

name so appears in the impression made by his notarial seal thereto. In the certificate of the secretary of the state of Missouri, and the copy of the notarial commission thereto, the name appears as "Wilbur F. Bill." It is contended that for this discrepancy, so appearing, the deed should not have been admitted in evidence. This circumstance was insufficient to warrant a rejection of this evidence.

The important question in the case is that of the validity of the said adverse claim to the said real-estate premises asserted by the appellant. While several questions touching the same have been presented here, we deem it unnecessary to consider but one, viz., the effect of the judgment and sale upon which the said claim rests. By sections 44 and 45 of the code of 1883, it was provided that non-resident defendants to actions might be served by publication of the summons, and that personal service of the summons out of the state should be equivalent to service by publication. The said judgment was given before the repeal of said provisions. Notwithstanding such provisions, the service of summons in another state is without effect to authorize a personal judgment. The process of our courts have no effect for such purpose beyond the limits of the state. A personal judgment upon a money demand given against a person upon a service of this kind, and all proceedings thereunder, are invalid. *Pennoyer v. Neff*, 95 U. S. 714.

The decree was right and should be affirmed.

.RISING and DE FRANCE, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*