WILLIAMS, ADM'R ETC., V. FOLLETT.

1. PERSONAL JUDGMENTS AGAINST NON-RESIDENTS.—In the absence of
a voluntary appearance courts can obtain no jurisdiction to enter
personal judgments for money against non-resident defendants hav-
ing no property in the state.

2. ACTION TO RECOVER BALANCE AFTER DECREE OF FORECLOSURE.—
By statute, a separate action at law to recover the balance unpaid
upon a mortgage debt after sale of the mortgaged property under
a foreclosure decree cannot be maintained in the state of New York,
without prior consent of the court of chancery in which the fore-
closure takes place.

3. NEW YORK RULE NOT APPLICABLE IN COLORADO.—But prior permis-
sion of the New York court of chancery, where a foreclosure has
taken place, is not a necessary condition precedent to the mainte-
nance of an action in Colorado against a resident of this state for the
unpaid balance of the mortgage debt.

*Appeal from District Court of Arapahoe County.*

Mr. J. H. REDDIN and Mr. GEORGE L. HODGES, for ap-
pellant.

Mr. A. B. SEAMAN, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

The transcript before us recites a number of transactions
which we deem it unnecessary to detail. The following
sufficiently presents the facts for the purposes of the present
opinion.

In the year 1886, Milton F. Ufford, and Morell F. Ufford
executed an instrument of writing acknowledging an in-
debtedness in the sum of $2,500, and binding themselves,
their heirs, executors and administrators jointly and sever-
ally in the language usually employed in bonds, for the
payment thereof on or before a certain date mentioned.
This instrument, or bond as it is called, was prepared in
New York where the original indebtedness accrued, and

was signed and··acknowledged by Milton F. Ufford in that state. Morell F. Ufford, however, had at the time become a resident of the state of Colorado, and he signed and acknowledged the instrument here. To secure payment of the same Ina F. Williams, a resident of New York though not a co-maker of the bond, executed a mortgage upon certain real property in that state.

The debt being unpaid, after maturity suit was brought by Follett the mortgagee, also the obligee in the bond, to foreclose the mortgage, Ina F. Williams and Milton F. Ufford being made parties. The suit resulted in a decree of foreclosure and order of sale, and also in a personal judgment against Milton F. Ufford for the surplus of the mortgage debt, if any, remaining unpaid after the sale.

The property was subject to large prior encumbrances and brought only a small proportion of the indebtedness. The money judgment in the decree against Milton F. Ufford after deducting the proceeds of the sale was for $2,979.92, considerable interest having accrued upon the original debt. Execution issued against Milton F. Ufford and was returned *nulla bona*.

In the meantime and prior to the commencement of the foreclosure suit in New York, Morell F. Ufford died in Colorado and his estate was in process of administration before the county court of Arapahoe county. A claim was filed by Follett in pursuance of the statute, against this estate for the unpaid balance of his indebtedness. Objection being interposed, the county court disallowed the same. Appeal was taken to the district court where upon retrial judgment was rendered in favor of Follett and against the estate of Morell F. Ufford for $3,130, being the unpaid balance of the original claim with interest. To review that judgment the present appeal was taken.

The assignment of error mainly relied on is that the district court was without jurisdiction to adjudicate the claim in question. This assignment is predicated upon the following New York statute : "Sec. 1628. While an action to

foreclose a mortgage upon real property is pending, or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of the court in which the former action was brought." No permission was obtained from the New York court in which the foreclosure took place to present a claim or bring an action elsewhere for the unpaid balance of the mortgage debt. Counsel for appellant assert that without such prior permission the court below could take no jurisdiction over the matter. There is no doubt but that in a controversy before a New York court between residents of that state counsel's proposition would be correct. For the New York courts give the statute its plain and obvious effect. They hold that under the circumstances specified by section 1628 and associated provisions, permission of the court in which a foreclosure takes place is a condition precedent to the commencement of a separate action at law for the unpaid balance of a mortgage debt. Those courts also declare that the granting of such permission is not a matter of course ; that the application must be upon cause shown and that its favorable consideration is to be determined according to principles of equity. *Equitable Life Ins. Co. v. Stevens*, 63 N. Y. Ct. of App. 341; *Scofield v. Doscher*, 72 N. Y. Ct. of App. 491.

For reasons, however, which we shall proceed to state, the statute and decisions in question are not applicable to the present case. The New York act, of which said section 1628 is a part, contains several other provisions that are *in pari materia* and must be construed therewith. The preceding section provides that any person who is liable to plaintiff for the payment of the debt secured by the mortgage may be made a defendant in the foreclosure suit. It then declares that if such person has appeared or has been regularly served with process a personal judgment may be awarded against him in the foreclosure decree for the payment of the residue of the mortgage debt remaining unsatisfied after the sale of the property and application of proceeds. The provision

forbidding the institution of a separate, suit at law without consent of the chancery court where the foreclosure takes place is predicated upon these antecedent declarations. According to the New York decisions the leading purpose of the statute was to avoid the expense and annoyance of two suits, which prior to its adoption, were necessary. But the action at law thus consolidated with a suit in equity was an action that might be maintained in the courts of that state. It was not the purpose of this statute to permit the court of chancery to confer authority upon another court to do that which it could not itself do. And in our judgment the inhibition against bringing a separate action at law without permission of the chancery court applies only to actions against those persons who might by virtue of the act be made parties to the original foreclosure proceeding. Any other view of the section would do violence to the clear intent of the law-making body in adopting the entire statute.

But, as already observed, at the time of the execution of the bond, Morell F. Ufford was a resident of the state of Colorado. He died here and during the foreclosure proceeding his estate was in process of administration in Arapahoe county. He had no interest in the mortgaged property and was not a party to the mortgage. It does not appear that he had any property in the state of New York by means of which jurisdiction *in rem* could there be obtained. The claim against him was simply for an ordinary money indebtedness, and a judgment thereon could only be a personal judgment for the payment of money. But the court of chancery in New York where the foreclosure suit was pending had no jurisdiction nor could it have obtained jurisdiction, in the absence of his voluntary appearance, to render a personal judgment against Morell F. Ufford, had he been living: *Denny v. Ashley*, 12 Colo. 165.; *Pennoyer v. Neff*, 95 U. S. 714 ; Wells on Jurisdiction of Courts, sec. 88 and cases cited.

It follows *a fortiori* that the New York court of chancery could not, under the circumstances, pronounce such a judg-

ment against Ufford's representative and bind his estate in Colorado. This being true, we shall decline to hold that permission from that court was a necessary condition precedent to the institution of proceedings in this state for the collection of Follett's debt.

Counsel for appellant further contend that, owing to certain transactions occurring prior to the execution of the bond, the real *status* of Morell F. Ufford in connection therewith was that of guarantor. Hence, it is argued, certain principles relating to the law of guarantyship applied to him. In the first place, were we to admit both of these propositions, such admission would not necessarily lead us to a different conclusion; but, secondly, it is decisive of this objection that Follett had no connection with the antecedent matters referred to, and that whatever the obligations might be as between the two Uffords, Morell as to Follett became a co-maker of the instrument with his brother and cannot now be treated as a mere guarantor.

Finally, we are asked to consider certain alleged equities growing, mainly, out of the inadequacy of the price paid for the mortgaged property at the sale under the foreclosure decree. This amount is small, it is true; but its seeming inadequacy may be accounted for by the facts that the sale was a forced sale and that the purchaser took subject to large, prior and superior encumbrances. Besides, these equitable considerations in the absence of fraud could only affect the present adjudication by way of justification of the New York statute requiring prior permission to sue. But, as we have already observed, that provision is not applicable to this controversy.

The judgment of the district court is affirmed.

*Affirmed.*