MUÑOZ, RECURRENTE, *v.* EL REGISTRADOR DE HUMACAO,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao, denegando la inscripción de un contrato de venta.

No. 371.—Resuelto en diciembre 16, 1918.

ESPOSA SUPERVIVIENTE — SOCIEDAD CONYUGAL — PARTES DEMANDADAS — ACCIONES PERSONALES.—No es necesario incluir como demandada a la esposa superviviente como partícipe en la sociedad de gananciales, en una acción personal sobre cobro de una deuda contraída por el esposo durante el matrimonio. Fallecido el esposo bastará con que la acción se dirija contra su viuda y herederos.

ACREEDORES DE LA SOCIEDAD CONYUGAL—LIQUIDACIÓN DE LA SOCIEDAD LEGAL.—La circunstancia de que no se haya practicado la liquidación de la sociedad conyugal, no impide que los acreedores ejerciten las acciones de que se crean asistidos.

INSCRIPCIÓN PREVIA—HERENCIA YACENTE—HEREDEROS DESCONOCIDOS.—La venta judicial de unas fincas otorgada por el márshal en representación de la viuda y herederos desconocidos del esposo difunto, es en cuanto a éstos una venta a nombre de una herencia yacente; y siendo ello así, no puede exigirse la previa inscripción a nombre de dichos herederos.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Ramón P. Rodríguez.*

El registrador recurrido, Sr. Rafael López Antongiorgi, compareció por escrito.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la Corte de Distrito de Humacao entabló demanda en 25 de agosto de 1917 Ramón Aníbal Muñoz contra Juan de Dios Medina, hoy su sucesión, compuesta de su esposa Josefina Fuentefría y de herederos desconocidos, designados en la demanda con los nombres de John Doe y Richard Doe, para el cobro de una deuda de dinero, y anotada la rebeldía de los demandados de los cuales Josefina Fuentefría fué citada personalmente y los herederos desconocidos por medio de edictos, dicha corte pronunció sentencia en 10 de diciembre de 1917 a favor del demandante habiendo sido vendidas en pública subasta para la ejecución de la sentencia y adjudicadas al demandante en pago parcial de la deuda, dos fin-

cas rústicas que aparecían inscritas en el Registro de la Propiedad de Humacao a nombre de los esposos Juan de Dios Medina y Josefina Fuentefría.

El marshal de la Corte de Distrito de Humacao, Rafael Mas Florido, a nombre de la sucesión de Juan de Dios Medina, integrada por la viuda Josefina Fuentefría y demás herederos desconocidos, otorgó escritura de venta en 6 de mayo de 1918 ante el notario Ramón P. Rodríguez Alberty a favor de Ramón Aníbal Muñoz, de las dos fincas rústicas que le habían sido adjudicadas, y el Registrador de la Propiedad de Humacao denegó la inscripción del documento según nota que se transcribe a continuación:

"Denegada la inscripción de este documento por resultar del re- gistro que las fincas vendidas no figuran inscritas a nombre de los vendedores demandados, y sí a favor de los esposos don Juan de Dios Medina López y doña Josefina Fuentefría Meléndez, sin que conste asimismo del registro que se haya liquidado la sociedad de gananciales entre ambos cónyugos, y además porque del presente documento no aparece que la acción se siguiera contra doña Jose- fina Fuentefría, la esposa, como dueña que pudiera ser de la mitad de las fincas al liquidarse la sociedad conyugal, y que sólo se la de- mandó como parte de la sucesión de Juan de Dios Medina tomán- dose en su lugar anotaciones por 120 días de acuerdo con la ley, en los tomos 5 y 1 de Ceiba, a los folios 83 y 224 vueltos, fincas núme- ros 208 y 46, anotaciones letras B y A. Humacao, P. R. mayo 27 de 1918. (Firmado) Rafael López Antongiorgi, registrador inte- rino.''

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por Ramón Aníbal Muñoz.

No estamos conformes con los motivos en que descansa la nota recurrida.

No se ha levantado cuestión alguna sobre la procedencia de la deuda; la sentencia dictada por la Corte de Distrito de Humacao muestra que fué contraída durante el matrimo- nio de Juan de Dios Medina y Josefina Fuentefría.

Si durante la vigencia de la sociedad conyugal Medina

Fuentefría, se hubiera intentado el cobro de la deuda, la acción hubiera estado bien dirigida contra el esposo sin intervención de la esposa, *Porto Rican Leaf Tobacco Co.* v. *Ereño, et al.,* 16 D. P. R. 100; y consiguientemente, muerto el esposo, éste debe ser sustituído en el ejercicio de la acción por la sucesión del mismo, continuadora de su personalidad, como se ha hecho en el presente caso. Además la acción ejercitada en la demanda es de carácter puramente personal, sin haberse dirigido contra bienes determinados de la sociedad conyugal; y no hay por tanto razón alguna para que la esposa fuera también demandada, según sostiene el registrador, en concepto de dueña que pudiera ser de la mitad de las fincas al liquidarse la sociedad conyugal. De todos modos, la viuda demandada, conocedora de la demanda, nada arguyó contra ella.

Tampoco se sostiene la nota recurrida por el fundamento de que las fincas aparecen inscritas en el registro no a favor de los vendedores demandados sino a favor de los esposos Juan de Dios Medina y Josefina Fuentefría, sin que conste del registro que se haya liquidado la sociedad de gananciales entre ambos cónyuges. La falta de liquidación de la sociedad conyugal no impide que los acreedores ejerciten las acciones de que se crean asistidos. Si el registrador ha querido significar que no procede la inscripción por no estar inscritas las fincas a favor de los herederos desconocidos del difunto Juan de Dios Medina, pues lo están a favor de la viuda, opinamos que semejante razón no abona la negativa de la inscripción, pues por lo que toca a los herederos desconocidos, la herencia de su causante Juan de Dios Medina debe repudiarse yacente y no es necesaria la previa inscripción a nombre de los mismos. Siendo estos ignorados es imposible que se presente prueba de que hayan repudiado la herencia.

Es yacente la herencia no reclamada por nadie. (Scaevola, Principios Gen. del Derecho Civil, página 130).

Seguida ejecución contra los herederos del deudor y ven-

dida la finca a nombre de la herencia yacente, por ser aquellos ignorados, no puede exigirse la previa inscripción a nombre de los herederos (R. de la D. G. de los R. de 25 de abril de 1890).

La venta en representación de los herederos desconocidos de Juan de Dios Medina designados con los nombres de John Doe y Richard Doe, por lo que atañe a éstos, es una venta a nombre de una herencia yacente, por la razón de que tales nombres no se refieren a personas conocidas y determinadas, sino que por una ficción legal indican los herederos desconocidos de Juan de Dios Medina.

Por las razones expuestas es de revocarse la nota recurrida ordenándose la inscripción solicitada.

> *Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf disintió.

_____

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

Convengo con la corte en que en una acción en cobro de dinero basta con demandar al marido durante su vida, no siendo entonces la esposa una parte necesaria puesto que el marido es el administrador de la sociedad conyugal. Sin embargo, muerto el marido, siendo la esposa socia del todo tiene derecho a ser oída en un pleito igualmente con la sucesión o herederos de su difunto esposo. La sucesión o herederos del causante de ningún modo la representan a ella como la representaba en vida su marido. En mi opinión era necesario que se hubiera hecho a la viuda parte demandada en el asunto, no como miembro de la sucesión, sino por su propio derecho. De aquí que entienda yo que tuvo razón el registrador al denegar la inscripción por este fundamento.

Estoy conforme con la otra parte de la opinión que se refiere a la cuestión de la herencia yacente.