Miranda, Recurrente, v. El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de venta judicial.

No. 458.—Resuelto en abril 29, 1920.

Partes Necesarias—Demanda — Bienes Gananciales — Herederos — Cónyuge Viudo.—No es inscribible una escritura de venta judicial de bienes que se presumen gananciales, otorgada por el marshal en la ejecución de una sentencia dictada en un pleito seguido contra herederos desconocidos de la persona que con el estado civil de casado aparece como dueña en el registro, en cuyo pleito no fué la viuda demandada juntamente con los restantes herederos. Por más que el cónyuge supérstite tenga el carácter de heredero forzoso, su personalidad es especial y no igual a la de los demás herederos, según muestran los artículos 23, 26 y 31 de la Ley de Procedimientos Legales Especiales, por lo que debió ser citada especialmente.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. H. Torres Solá.*

El registrador recurrido, Sr. R. Tirado Verrier, compareció por escrito.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El 10 de agosto de 1916 el márshal de la Corte Municipal de San Juan, P. R., vendió a Ramón Miranda un solar y casa situados en Santurce, P. R. En octubre de 1919 se presentó para su inscripción en el Registro de la Propiedad de San Juan, Sección Primera, dicho documento, acompañado de una certificación expedida por el secretario de la propia corte municipal. El registrador, el 2 de enero de 1920 se negó a inscribir el documento "porque habiendo adquirido don José Encarnación Calderón el solar de que se trata siendo casado, por cuya razón debe presumirse ganancial, no aparece demandada también su esposa; y porque tratándose de procedimiento contra una sucesión, aunque desconocida, y siendo de presumirse que las obligaciones fueron contraídas por el causante, no se ha establecido el mismo ante la corte de distrito, única competente en este caso por razón de la

materia, de conformidad con la ley, la sentencia del Tribu-
nal Supremo de Puerto Rico, tomo 21, página 503 y otras
aplicables.'' Contra la negativa del registrador interpuso
Miranda el presente recurso gubernativo.

De la certificación acompañada a la escritura aparece
que se siguió un pleito en la Corte Municipal de San Juan,
P. R., titulado: *Sebastián Ortega, demandante* v. *Herederos
desconocidos de José Encarnación Calderón, demandados,* so-
bre cobro de dinero, y que al pie de la demanda el demandante
·juró ''los hechos relacionados en la precedente demanda por
estar ajustados a la verdad sobre todo al hecho respecto al
desconocimiento por parte del demandante de las personas
ignoradas que puedan ser herederos del difunto José En-
carnación Calderón.'' No dice más. También consta que se
citó a los demandados por edictos, y que se subastaron los
bienes, adquiriéndolos el recurrente Miranda.

Hemos estudiado cuidadosamente las cuestiones levanta-
das por el registrador y a nuestro juicio la negativa de di-
cho funcionario se justifica por el primero de sus fundamen-
tos. El caso de *Muñoz* v. *El Registrador de Humacao,* 26
D. P. R. 779, que se invoca para impugnar el criterio sus-
tentado por el registrador aquí, es distinto.. Allí la viuda
fué demandada y citada personalmente, mientras que aquí
se prescindió en absoluto de ella. Por más que el cónyuge
supérstite tenga el concepto de heredero forzoso del difunto,
según el artículo 795 del Código Civil, su personalidad es
especial y no igual a la de los demás herederos, según mues-
tran los artículos 23, 26 y 31 de la Ley referente a Procedi-
mientos Legales Especiales. La viuda ha debido ser citada
especialmente en el pleito.

No debe perderse de vista además que junto con la es-
critura se presentaron al registrador los documentos refe-
rentes a la citación por edictos de los demandados. No se
refirió el registrador expresamente a ellos. Tampoco lo ha-
remos nosotros, limitándonos a consignar que hablan por sí

mismos respecto a si la corte adquirió o no jurisdicción sobre los demandados.

En cuanto al segundo de los fundamentos de la negativa, opinamos que tiene razón el recurrente. Examinados los hechos en este recurso estimamos que les son aplicables nuestras resoluciones en los casos de *Sánchez* v. *El Registrador*, 27 D. P. R. 768, y *Flores* v. *El Registrador de Guayama*, 19 D. P. R. 1020, y no nuestras resoluciones en los casos de *Ferraioli* v. *El Registrador*, 21 D. P. R. 503, *García* v. *El Registrador*, 23 D. P. R. 426, y *Agueros* v. *El Registrador de San Juan*, (pág. 268).

Habiendo en consideración todo lo expuesto, debe confirmarse la nota recurrida por el primero de sus fundamentos.

> *Confirmada la nota recurrida por el primero de sus fundamentos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf firmó: "conforme con la sentencia."